IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROY SHELLING | § | |
| v. | § | CIVIL ACTION NO. 6:05cv42 |
| REYNALDO CASTRO, ET AL. | § | |

MEMORANDUM OPINION AND PARTIAL ORDER OF DISMISSAL

The Plaintiff Roy Shelling, an inmate currently confined in the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights.  The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in this proceeding.  28 U.S.C. §636(c).

An evidentiary hearing was conducted on October 25, 2005, pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).  At this hearing, Shelling testified that on June 8, 2005, the defendants Peter Coffin, Matthew Biscoe, Jason Buth, and Juvencio Chicas used excessive force upon him.  The Court has reviewed the record and testimony and has determined that Shelling's allegations concerning this incident are not frivolous, but require further judicial proceedings.

Shelling also sued Warden Reynaldo Castro.  At the Spears hearing, he testified that he sued Warden Castro because Castro was in charge of the Michael Unit.  He acknowledged that Warden Castro was not personally involved in the incident.

The Fifth Circuit has held that lawsuits against supervisory personnel based on their positions of authority are claims of liability under the doctrine of *respondeat superior*, which does not generally apply in Section 1983 cases.  Williams v. Luna, 909 F.2d 121 (5th Cir. 1990).  A supervisor may be held liable if there is personal involvement in a constitutional deprivation, a causal connection between the supervisor's wrongful conduct and a constitutional deprivation, or if

supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987).

In this case, Shelling has not shown that Warden Castro was personally involved in a constitutional deprivation, that wrongful conduct by Warden Castro was causally connected to a constitutional deprivation, or that Warden Castro implemented a constitutionally deficient policy which was the moving force behind a constitutional deprivation. He has failed to show any basis for liability on the part of Warden Castro and his claim against Castro should be dismissed.

## Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees. Section 1915A(b) requires that upon review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 325-7 (1989). A complaint fails to state a claim upon which relief may be granted if as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Neitzke v. Williams, 490 U.S. 319, 327, (1989), *citing* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); *see also* Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

In this case, Shelling's claim against Warden Castro lacks any arguable basis in law and fails to state a claim upon which relief may be granted. Consequently, this claim may be dismissed as frivolous under 28 U.S.C. §1915A(b). *See generally* Thompson v. Patteson, 985 F.2d 202 (5th Cir. 1993). It is accordingly

ORDERED that the Plaintiff's claim against Warden Castro is hereby DISMISSED with prejudice as frivolous, and Warden Castro is DISMISSED as a party to this lawsuit. 28 U.S.C. §1915A(b). The dismissal of this claim and this party shall have no effect upon the remaining claims or parties in this case. It is further

ORDERED that the dismissal of the claim against Warden Castro shall not count as a strike for purposes of 28 U.S.C. §1915(g).

**SIGNED** this **26** day of **October, 2005.**

_____
HARRY W. McKEE
UNITED STATES MAGISTRATE JUDGE